OPINION
{¶ 1} Defendant-Appellant, Anthony W. Lehman, appeals a judgment of the Auglaize County Court of Common Pleas, convicting Lehman of failure to appear and sentencing him to eighteen months of incarceration to be served consecutive to the sentence he was already serving. Lehman contends that the trial court failed to properly follow the felony sentencing guidelines required to impose maximum and consecutive sentences. After reviewing the record, we find that the trial court made the required on the record findings and that the record supports these findings. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} In July of 2003, Lehman was convicted of corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a). Because the drug he used was marijuana, the violation was a felony of the fourth degree. R.C. 2925.02(C)(3). His sentencing hearing for this conviction was scheduled for September 4, 2003. However, Lehman did not appear for his sentencing hearing, and a bench warrant was issued for his arrest. Six weeks later, Lehman was arrested on the bench warrant and charged with failure to appear in violation of R.C. 2937.99, also a felony of the fourth degree.
 {¶ 3} On the charge of corrupting another with drugs, Lehman received a sentence of seventeen months. He then appeared before the trial court on the separate charge of failure to appear and Lehman entered a plea of not guilty. In January of 2004, he again appeared before the trial court, this time seeking to change his plea to guilty. According to a negotiated plea agreement with the state, Lehman agreed to plead guilty and the state agreed to recommend that he receive community control after his incarceration on the corrupting another with drugs conviction.
 {¶ 4} The trial court accepted Lehman's guilty plea and immediately thereafter held the sentencing hearing. Lehman explained to the trial court that he had not appeared for the earlier sentencing hearing because he had been working as a confidential informant for the police and had been kidnapped and threatened by a relative of one of the drug dealers about whom he had given the police information. Lehman claimed that he did not appear because he was fearful for the safety of himself and his family. The trial court then questioned Lehman at length regarding the current offense and his criminal history. The court also considered the pre-sentence investigation that had been prepared for the corrupting another with drugs conviction. Finding that Lehman posed a great likelihood of reoffending, the trial court sentenced Lehman to the maximum sentence of eighteen months to be served consecutive to the sentence he was currently serving. From this judgment of conviction and sentence Lehman appeals, presenting the following assignments of error for our review.
 Assignment of Error I The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode, Section 2929.14 resulting in the defendant-appellantreceiving a sentence which is contrary to law.
 Assignment of Error II The trial court's ordering that the sentences ofdefendant-appellant are to be served consecutively to each otherwas unsupported by the record and was contrary to law.
 {¶ 5} Because both assignments of error address the statutory felony sentencing guidelines, we will use the following standard of review for both.
 Standard of Review {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determines a particular sentence. State v. Martin (1999), 136 Ohio App.3d 355, 362. Compliance with the aforementioned sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 7} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954),161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones
(2001), 93 Ohio St.3d 391, 400.
 Assignment of Error I {¶ 8} In his first assignment of error, Lehman maintains that the trial court failed to follow the statutory felony sentencing guidelines. He claims that the court did not make the on the record findings required to impose a maximum sentence.
 {¶ 9} When a trial court imposes a prison term in a felony case it must impose the shortest term mandated unless, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will notadequately protect the public from future crime by theoffender." R.C. 2929.14(B)(2) (emphasis added.) A court is allowed to impose the maximum prison term authorized only if they make one of several findings, one of which is the finding that the offender poses the greatest likelihood of committing future crimes. R.C. 2929.14(C).
 {¶ 10} In determining whether an offender is likely to reoffend, the trial court must consider the non-exclusive list of factors contained in R.C. 2929.12(D) and (E). R.C. 2929.12(A). While evaluating the more likely to recidivate factors in R.C.2929.12(D), the trial court found that Lehman was under release from confinement prior to sentencing when he committed the offense, that he had an extensive history of criminal convictions, that the number of offenses reflected that Lehman had not responded favorably to sanctions in the past, and that Lehman showed no genuine remorse for his crimes. The trial court also stated that it could not find that this crime occurred under circumstances not likely to recur. The only less likely to recidivate factor that the evidence before us supports is the absence of any juvenile criminal record.
 {¶ 11} After considering all of these factors, the trial court concluded that that the minimum sentence would not adequately protect the public and that Lehman posed the greatest likelihood of recidivating. Accordingly, the trial court sentenced Lehman to the maximum allowable term for a fourth degree felony, eighteen months. R.C. 2929.12(A)(4).
 {¶ 12} Considering the record, we can not say that the trial court erred in making such a finding. The record clearly supports the trial court's findings that Lehman committed the crime while under release for sentencing and that he had an extensive criminal record. Furthermore, the trial court was able to thoroughly examine Lehman in person and determine whether he had any genuine remorse for his crimes. While Lehman claimed that he failed to appear for his sentencing hearing out of fear for his safety, the trial court specifically found that he had not appeared out of fear of going to jail. The trial court made the proper on the record findings and they are supported by the record. Accordingly, we overrule Lehman's first assignment of error and affirm the judgment of the trial court.
 Assignment of Error II {¶ 13} In his second assignment of error, Lehman contends that the trial court did not follow the felony sentencing guidelines in sentencing him to consecutive sentences.
 {¶ 14} R.C. 2929.14(E)(4) allows a trial court to impose consecutive sentences if it finds:
that the consecutive sentence is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
* * *
(c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
 {¶ 15} Herein, the trial court specifically found that the consecutive sentences were necessary to protect the public from future crime by the offender and that the sentences were required to adequately punish the offender. As discussed above, the trial court was very thorough in examining Lehman's criminal record and his likelihood to recidivate in determining that consecutive sentences were necessary to protect the public from future crime by the offender.
 {¶ 16} Furthermore, Lehman has failed to provide this court with clear and convincing evidence that consecutive sentences are disproportionate to his conduct. After Lehman was found guilty of corrupting another with drugs, he failed to report for his sentencing hearing and evaded the authorities for six weeks before being captured. There is no indication on the record that Lehman ever made any genuine effort to turn himself in. As the trial court found, Lehman has never fully accepted responsibility for his crime and continues to blame another person's actions for his absence. Additionally, this crime is only one in a string of numerous crimes dating back to a conviction for the sale and possession of drug paraphernalia in October of 2000.
 {¶ 17} Accordingly, we find that the trial court made the proper on the record findings regarding the imposition of consecutive sentences and that the record supports these findings. Lehman has failed to show this court clear and convincing evidence otherwise. Therefore, Lehman's second assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.